■ CARMEN A. MAGLIO, Plaintiff, v PETER MOLINELLI et al., Defendants and Third-Party Plaintiffs-Appellants. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent. [855 NYS2d 590]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated December 8, 2006, which granted the third-party defendant's motion, in effect, for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the third-party defendant's motion, in effect, for summary judgment dismissing the third-party complaint is denied.

On May 10, 2000 the plaintiff, who was driving, attempted to exit the Coney Island Yard (hereinafter the Yard) by turning south onto Shell Road, which had two southbound lanes of traffic. As she was stopped at the Yard's entrance waiting to make the turn, a truck owned by the third-party defendant, New York City Transit Authority (hereinafter the NYCTA), was stopped in the left southbound lane, which was the lane furthest from the plaintiff, as the driver was preparing to make a right turn into the Yard. The plaintiff waited for the truck to make that turn before she turned onto Shell Road. While she was waiting, her vehicle was struck by a vehicle operated by the defendant third-party plaintiff Peter Molinelli, Jr., who had been driving southbound on Shell Road.

The plaintiff then commenced this action against Molinelli and the owner of the vehicle Molinelli was driving, who, in turn, commenced a third-party action against the NYCTA. The NYCTA subsequently moved, in effect, for summary judgment dismissing the third-party complaint. The Supreme Court granted that motion.

The NYCTA made a prima facie showing of its entitlement to summary judgment dismissing the third-party complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In this regard, the NYCTA relied on the deposition testimony of the truck driver and the plaintiff to demonstrate that the truck driver was not negligent, and that his conduct was not a proximate cause of the accident. The truck driver explained that because the truck was pulling a 48-foot trailer, he was unable to make a sharp right turn into the Yard's entrance, and, therefore, had to turn from the left lane and travel across the right lane. The truck driver testified that a second or two before the accident, the truck was at a complete stop in the left lane, with its hazard lights and right turn signal activated. The truck driver also testified that in the second or two before the accident, he moved the truck a few feet forward to initiate the turn, but did not cross into the right lane. Finally, both the truck driver and the plaintiff indicated that Molinelli, who was approaching the truck from behind, and who ended up driving across the right lane and onto the shoulder where he hit the plaintiff, was exceeding the speed limit.

In opposition, the defendants third-party-plaintiffs relied on Molinelli's deposition testimony. Molinelli, who explained that he moved into the right lane as he approached the truck, testified that the truck encroached into that lane. Molinelli testified that as a result of this encroachment, he had to steer hard to the right, and ended up on the shoulder. Under these circumstances, the defendants third-party-plaintiffs raised triable issues of fact as to whether the truck driver was negligent (*cf.* Vehicle and Traffic Law § 1163 [a]), and if so, whether his negligence was a proximate cause of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court should have denied the NYCTA's motion. Miller, J.P., Covello, Eng and Chambers, JJ., concur.